# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HARDISON, | : | |
| Petitioner | : | |
| | : | CIVIL ACTION NO. 3:15-0439 |
| v. | : | |
| | : | (Mannion, D.J.) |
| SUPT. VINCENT MOONEY, et al., | : | (Mehalchick, M.J.) |
| Respondents | : | |

## MEMORANDUM

James Hardison, an inmate confined at the State Correctional Institution Coal Township, Northumberland County, Pennsylvania, filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1). He attacks his July 1978 sentence of life imprisonment imposed by the Court of Common Pleas for Dauphin County, Pennsylvania, for second degree murder and related charges. Presently before the court is the Report and Recommendation of Judge Mehalchick in which she recommends that the petition be dismissed as untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations. (Doc. 12). No objections have been filed to Judge Mehalchick's report and the time in which they were due has expired. The court will adopt Judge Mehalchick's report and dismiss the petition as time-barred without directing it to be served on respondents.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of

the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

After giving petitioner notice and an opportunity to be heard as to why his petition should not be dismissed as untimely, (Doc. 4), and after considering petitioner's response, (Doc. 7), Judge Mehalchick finds that it plainly appears from the petition that it is time-barred. Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary

2

Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). *See, e.g.*, Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970). The *Allen* Court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

Since the complete background of this case is detailed in Judge Mehalchick's report, it will not be repeated herein. A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations provided in 28 U.S.C. §2244(d)(1). *See* Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Petitioner contends that his petition is timely filed since it is based on newly recognized constitutional rights recognized in the March 2012 Supreme Court decisions of Lafler v. Cooper, 566 U.S. 156, 132 S.Ct. 1376 (2012), and Missouri v. Frye, 566 U.S. 133, 132 S.Ct. 1399 (2012). Thus, petitioner maintains that his the one-year statute of limitations

for his petition should commence to run on March 21, 2012, pursuant to 28 U.S.C. §2244(d)(1)©, which provides that the time period may begin to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The court agrees with Judge Mehalchick that the two cases upon which petitioner relies do not establish a newly recognized constitutional right. As Judge Mehalchick states, "both *Frye* and *Lafler* merely apply the existing right to effective assistance of counsel that was established in Strickland v. Washington, 466 U.S. 668 (1984)." (Doc. 12, at 5) (citations omitted). Thus, petitioner's habeas petition is time-barred. *See* Fernsler v. Lebanon County, PA, 2015 WL 3838184 (M.D.Pa. June 22, 2015) (citing Navar v. Warden Fort Dix FCI, 569 Fed.Appx. 139, 140 n. 1 (3d Cir. 2014) ("[N]either *Lafler* nor *Frye* announced a new rule of constitutional law, as required for authorization to file a second or successive section 2255 motion. Each case merely clarified how *Strickland* [ ], applies in the plea negotiation context."); Sanchez v. Burns, 24 F.Supp.3d 441, 444 (E.D.Pa. 2014).

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. *See* Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). Judge Mehalchick, (Doc. 12, at 7-8), correctly determines that petitioner has

4

not met his burden of demonstrating his entitlement to equitable tolling and, that he has not shown due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed.Appx. 258, 260 (3d Cir. 2003). Nor are there any extraordinary circumstances in this case which warrant equitable tolling. *See* Merritt, 326 F.3d at 161. As such, equitable tolling is inapplicable in this matter.

Finally, when a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

In light of the foregoing, the petition for writ of habeas corpus, (Doc. 1), will be **DISMISSED**, Judge Mehalchick's report will be **ADOPTED**, (Doc. 12), and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 26, 2017**